**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

JERRY LOUIS SCOTT,                                     :

      Plaintiff,                                     :

vs.                                                          :          CA 13-0106-CG-C

CAROLYN W. COLVIN,                                 :
Acting Commissioner of Social Security,
                                                            :
      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff initially filed this social security action in this Court on March 4, 2013 (Doc. 1), and concurrent therewith filed a motion to proceed without prepayment of costs and fees (Doc. 2). This action in now before the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon plaintiff's failure to prosecute his case and comply with the Court's orders dated March 25, 2013 (Doc. 4) and April 26, 2013 (Doc. 5).

Because the undersigned could not discern from plaintiff's motion to proceed without prepayment of costs and fees whether the "family" he referenced in his IFP motion—upon whom he is wholly dependent—had the ability to pay the filing fee and other related costs without being deprived of the basic necessities of life, Mr. Scott was ordered "to amend his motion, on or before **April 8, 2013**, with evidence establishing his entitlement to proceed without prepayment of the filing fee and other related costs." (Doc. 4, at 4; *see also id.* at 3.)

On the date that plaintiff's amended [mo]tion was due, April 8, 2013, the undersigned's office received a call from a member of the office staff of plaintiff's counsel advising that additional time was needed to secure the filing fee from Scott's family or to file an amended IFP motion. Based upon this conversation, plaintiff was orally extended an additional fourteen (14) days to pay the filing fee or file an amended IFP motion. Because no action had taken place in this case as of April 23, 2013 (*see* Docket Sheet), the undersigned's office contacted the office of plaintiff's counsel and was informed that an additional attempt to contact plaintiff would be made to determine if the filing fee or an amended IFP motion was forthcoming. Yesterday's date [that is, April 25, 2013] this office was informed that all attempts to contact plaintiff—by plaintiff's counsel—have been unsuccessful.

In light of the foregoing, plaintiff is once again **ORDERED** to file an amended IFP motion, or otherwise pay this Court's filing fee, not later than **May 10, 2013**. Failure by plaintiff to comply with this additional chance to rectify the deficiencies in his IFP motion within the prescribed time will result in entry by the undersigned of a report and recommendation that this action be dismissed for failure to prosecute and obey the Court's orders.

(Doc. 5, at 2.)

To date, plaintiff has not complied with this Court's orders instructing him to file an amended motion to proceed without prepayment of costs and fees or, otherwise, pay the Court's filing fee. (*See* Docket Sheet.)

An action may be dismissed if the plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Coleman v. St. Lucie County Jail,* 433 Fed.Appx. 716, 718 (11th Cir. July 5, 2011) ("The district court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.")[1];

---

[1]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3D 1333, 1337 (11th Cir. 2005) ("The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs. Although the plain language of Rule 41(b) suggests that a court may act pursuant to that Rule only when dismissing upon the motion of the defendant, and acts only on its inherent authority when dismissing *sua sponte*, many of our decisions elide this neat distinction." (internal citation omitted)); *Brown v. Tallahassee Police Dept.*, 205 Fed.Appx. 802, (11th Cir. Nov. 15, 2006) ("The district court's 'power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.' The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citations omitted)); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, plaintiff has not responded to those portions of the Court's orders of March 25, 2013, and April 26, 2013, instructing him to amend his *in forma pauperis* motion or pay the Court's filing fee not later than May 10, 2013. (*Compare* Docket Sheet *with* Docs. 4 & 5.) Therefore, it is recommended that the Court **DISMISS** Scott's social security complaint pursuant to Fed.R.Civ.P. 41(b) due to his failure to prosecute this action by obeying this Court's lawful orders.[2] *Brown, supra.*

---

[2]     Plaintiff is placed on notice that this Court cannot specifically state that the dismissal is without prejudice in light of the statutory requirement that a claimant commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further time as the (Continued)

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 15th day of May, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The United States Supreme Court has concluded that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478-480, 106 S.Ct. 2022, 2029-2030, 90 L.Ed.2d 462 (1986). While the plaintiff in this case clearly commenced his action within 60 days of the Commissioner's final decision (*see* Doc. 1), the effect of now dismissing this action for failure to prosecute may subject any subsequent complaint filed by plaintiff to a statute of limitations defense. Accordingly, the undersigned need take the position this dismissal may indeed result in prejudice to the plaintiff in the future.